UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JOYCE A. KWIECINSKI, A/K/A
JOYCE KWIECINSKI,

                    Plaintiff,

          -against-

JOHN K. RENKE II, LAW OFFICE, and
JOHN K. RENKE II, individually,

                    Defendants.
----------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
11-CV-2246 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★   SEP 21 2012   ★
LONG ISLAND OFFICE

I.    Introduction

On May 9, 2011, Joyce Kwiecinski ("plaintiff") commenced this action against John K. Renke II ("Renke") and the Law Offices of John K. Renke II (the "Law Office," and together with Renke, "defendants") alleging (i) that Renke wrongfully converted to his own use money received in trust by him on behalf of plaintiff in connection with Renke's legal representation of plaintiff, and (ii) that plaintiff was deprived by a Florida state court of her constitutional right to a jury trial. [Docket Entry No. 1]. On December 14, 2011, plaintiff filed an amended complaint. [Docket Entry No. 21]. On January 20, 2012, Renke moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). [Docket Entry No. 26].

Presently before the Court is the Report and Recommendation (the "Report") of Magistrate Judge A. Kathleen Tomlinson, dated July 30, 2012, recommending that the motion to dismiss be granted in its entirety and plaintiff's claims be dismissed with prejudice. [Docket No. 30]. Plaintiff filed timely objections to the Report (the "Objections"). [Docket Entry No. 35].

For the following reasons, the Objections are overruled, and the Court accepts Magistrate Judge Lindsay's Report in its entirety and adopts it as an order of the Court.

II.     Background[1]

Plaintiff retained Renke sometime in 1991 or 1992 to represent her in litigation involving her father's estate. Amended Complaint ("Am. Compl.") [Docket Entry No. 21] at 6; Defendant's Motion to Dismiss ("Mot. to Dismiss") [Docket Entry No. 26] Ex. A. Between 1995 and 1996, $127,142.20 of the proceeds recovered in the litigation were withdrawn from an escrow account by Renke for payment of fees incurred in his representation of plaintiff. Am. Compl. at 6. Plaintiff initiated an action against Renke in Florida state court alleging that the fees charged by Renke were unreasonable and demanding a refund of the allegedly excessive charges. Mot. to Dismiss Ex. A. On May 28, 2003, the Florida state court issued a final judgment and order granting Renke's motion for summary judgment. Complaint [Docket Entry No. 1] Ex. A. The court determined that "the pleadings of record demonstrate[d] no dispute as to any genuine material fact[,] . . . the fees and charges [were] reasonable and [Renke] [was] entitled to judgment on Plaintiff's Complaint." Id. The Florida state court also granted summary judgment on Renke's counterclaim for $32,219.80 in unpaid fees. Mot. to Dismiss Ex. E.

III.    Review of the Report and Recommendation

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely

---

[1] To the extent not included in plaintiff's submissions, the Court takes judicial notice of documents filed in other courts. See Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) ("In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.").

objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

III.   Plaintiff's Objections

Plaintiff argues that Magistrate Judge Tomlinson erred in: (i) determining that plaintiff was not wrongfully deprived of her right to a jury trial in the Florida state action; and (ii) determining that plaintiff's claims are barred by the statute of limitations.

In objecting to Magistrate Judge Tomlinson's determination that plaintiff was not deprived of her constitutional right to a jury trial in the Florida state action, plaintiff argues that "the case had not yet begun[,] . . . no issue was ever tried or considered[,] . . . [t]he Florida Judges [sic] never dismissed [her] complaint[,] . . . . there was never any Discovery [sic][, and] . . . the Defendants never admitted the contract in as evidence before they requested summary

judgment . . . ." Objections at ¶¶ 1-6.

As Magistrate Judge Tomlinson noted, plaintiff misunderstands the nature of summary judgment. A court's entry of summary judgment does not deprive a party of its constitutional right to a jury trial. See, e.g., Maxwell v. N.Y. Univ., 407 F. App'x 524, 526 (2d Cir. 2010) ("Summary judgment determines only issues of law and does not impair the right to a jury trial."); Benjamin v. Traffic Exec. Ass'n E. R.R., 869 F.2d 107, 115 n.11 (2d Cir. 1989) ("Plaintiffs cannot attack summary judgment decisions as inimicable to the seventh amendment."). Accordingly, plaintiff's claims based on the alleged deprivation of her right to a jury trial in the Florida state action are dismissed with prejudice.

Plaintiff also objects to Magistrate Judge Tomlinson's recommendation that plaintiff's conversion claim be dismissed with prejudice on statute of limitations grounds, arguing that "Florida's highest Court, the Supreme, acknowledged [her] case on June 29, 2010 and that is the one and only one [she] ever filed in Florida . . . and [she] was granted a Stay on that same date . . . which is well within the New York Statute of three (3) years . . . ." Objections at ¶ 4.

Plaintiff's assertion that the timely Florida state action has been ongoing since its commencement is both incorrect and irrelevant. The applicable statute of limitations for a claim of conversion is three (3) years under New York law, N.Y. C.P.L.R. 214(3) (McKinney 2012), and four (4) years under Florida law, FLA. STAT. ANN. § 95.11(3)(h) (West 2012). The acts constituting the alleged conversion occurred in 1995 or 1996, Am. Compl. at 5-6, and plaintiff did not commence this action until May 9, 2011. Accordingly, this action is untimely.

The remaining Objections are plaintiff's view of the facts related to the alleged conversion. Because plaintiff's conversion claim is untimely, however, there is no need to address these arguments.

The Court is satisfied that the remainder of the Report is not facially erroneous.

IV. Conclusion

For the foregoing reasons, Magistrate Judge Tomlinson's Report is adopted as an order of the Court. Defendants' motion to dismiss the Amended Complaint [Docket Entry No. 12] is granted with prejudice.[2]

In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, mail a copy of this order to the pro se plaintiff, and shall record such service on the docket. The Clerk of Court shall enter judgment in favor of defendants and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:  September 21, 2012
Central Islip, New York.

---

[2]To the extent Renke failed to move to dismiss on behalf of the Law Office, the Amended Complaint against the Law Office is dismissed sua sponte. See Walters v. Indus. and Commercial Bank of China, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action sua sponte on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'") (quoting Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)).